1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11    DERRICK HOLLAND,                         Case No. 1:22-cv-01578-JLT-CDB

12                    Plaintiff,
                                               ORDER ON STIPULATION EXTENDING
13           v.                                *NUNC PRO TUNC* TIME TO RESPOND TO
                                               COMPLAINT AND GRANTING LEAVE TO
14    CITY OF RIDGECREST, *et al.*             FILE FIRST AMENDED COMPLAINT

15                    Defendants.
                                               (Doc. 6)

16

17          On December 8, 2022, Plaintiff Derrick Holland ("Plaintiff") filed a Complaint against

18   Defendants City of Ridgecrest, William Groves, Robert Wise, and Brock Weisburch.  (Doc. 1).

19   Plaintiff served Defendant City of Ridgecrest on January 3, 2023, and Defendant William Grove

20   on January 4, 2023.  (Docs. 4, 5).  Defendants City of Ridgecrest and William Groves failed to

21   timely respond to the Complaint.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  *See also* Summons (Doc. 2)

22   (commanding Defendants to serve answer "within 21 days after service of this summons on

23   you").

24          On February 7, 2023, the parties filed a stipulation to extend the time to respond to the

25   complaint and for leave to file a first amended complaint.  (Doc. 6).

26          Requests for extensions of time in the Eastern District of California are governed by Local

27   Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or

28   from other counsel or parties in an action as soon as the need for an extension becomes apparent."

L.R. 144(d).  Here, it should have become apparent before the due date for Defendants to file a response to the Complaint that such an extension was needed, and, hence, under Local Rule 144, Defendants were required to file their current request for extension of time before now.

While the parties in their stipulation cite to and rely on Local Rule 144(a) for the proposition that parties may stipulate without Court order to a maximum 28-day extension of time to respond to a complaint, that presumes the parties timely file such a stipulation.  Here, the parties seemingly acknowledge that their stipulation is out of time given their submission to the Court of a proposed order granting the relief sought.

The Court disfavors granting *nunc pro tunc* relief and directs the parties to exercise better care in anticipating any future requests for extensions of time and filing such requests well before the terminal filing date that they seek to extend.  Nevertheless, given the parties' representations in their stipulation, the Court finds good cause to grant the relief requested.

Accordingly, IT IS HEREBY ORDERED:

1.  Defendants' time to respond to the Complaint (Doc. 1) is extended to on or before February 21, 2023;

2.  Plaintiff shall file any amended complaint on or before February 27, 2023; and

3.  Defendants shall respond to any amended complaint within the time set forth in Fed. R. Civ. P. 15(a)(3).

IT IS SO ORDERED.

Dated:   __**February 9, 2023**__

_____
UNITED STATES MAGISTRATE JUDGE