UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK HOLLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF RIDGECREST., *et al*.<br><br>　　　　　Defendants. | Case No. 1:22-cv-01578-JLT-CDB<br><br>ORDER EXTENDING STAY UNTIL AUGUST 28, 2023<br><br>(Docs. 15, 17) |

　　　　On December 8, 2022, Plaintiff filed a complaint against Defendants alleging that Plaintiff was arrested unlawfully based on a fraudulent search of his home on August 17, 2020.  (Doc. 1). Plaintiff filed an amended complaint on February 27, 2023.  (Doc. 9).  On March 20, 2023, Defendants filed a motion to dismiss arguing Plaintiff's claims are barred by *Heck v. Humphrey*. (Doc. 11).

　　　　On March 24, 2023, the Court granted the parties' stipulated request for a 120-day stay. (Doc. 15).  In the parties' stipulation, Plaintiff represented that he intended to file a motion to vacate the underlying state criminal conviction "within 30 days of the stipulation" and that a 120-day stay of the instant action was appropriate in part because proceedings on the anticipated motion to vacate "may proceed for 90-120 days."  (Doc. 13).

　　　　Pending before the Court is the parties' status report in which Plaintiff requests a 60-day extension of the stay, whereas Defendants oppose any extension.  (Doc. 17).  Plaintiff attests he has

not yet filed the anticipated motion to vacate conviction in part due to continuing discussions with counsel for Defendant Weisburch regarding execution of a supporting declaration. Plaintiff has not contacted Defendant Wise.

The Court has considered the factors articulated in *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) and *CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), and concludes that a brief extension of the current stay (30 days) is warranted based on the posture of the case and the parties' representations in the joint report. (Doc. 17).

Accordingly, based on the parties' representations, for good cause appearing and this Court's authority to stay civil proceedings, IT IS HEREBY ORDERED:

1. This action shall be stayed until August 28, 2023, on which date the stay will expire;
2. Absent further stipulation, Plaintiff's remaining time to oppose Defendants' pending motion to dismiss (Doc. 11) shall run from August 28, 2023; and
3. No further request for extending the stay will be granted unless Plaintiff files the anticipated motion to vacate criminal judgment pursuant in *People of the State of California v. Derrick Andre Holland*, Kern County Superior Court Criminal Case No. RF008484A, and files any such request for extension at least one week prior to the expiration of the stay (*e.g.*, no later than August 21, 2023).

IT IS SO ORDERED.

Dated: **July 17, 2023**　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE